IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERONICA DENISE DALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv190-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

On March 28, 2016 (Doc. No. 19), petitioner Veronica Denise Dale ("Dale") filed with this court a Motion to Amend her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] In her Motion to Amend, Dale seeks to assert a new claim that her counsel, Thomas M. Goggans, rendered ineffective assistance of counsel by failing to file an appeal in her criminal case. *See* Doc. No. 19 at 2. In particular, Dale asserts:

> After sentencing, defense counsel Goggans refused to file notice of appeal in the matter of *Dale v United States*, prompting Ms. Dale to file notice pro se, even though Counsel Goggans was the attorney on file. Dale had no clue as to what she was doing, but felt compelled enough to file notice, as she felt that her rights guaranteed under the constitution were in violation. Defense Goggans [sic] attempt at filing an *Anders Brief*, came a little late in the game, as he was supposed to file immediately upon imposition of sentencing, as he was asked to by his client. See *Karjohn v. United States* 2/17/16) *See Roe v. Flores-Ortega, 528 U.S. [470 476-477 (2000) S.Ct.* holding: "a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable." "Counsel's error leads to the forfeiture of a proceeding itself."
>
> Prejudice is presumed here in this case, because even though Dale filed pro se, she was not in the state of mind, nor was she versed in the rules and regulations of the Court, as to the filing of an appeal, and as to how to proceed, how to research, how to adhere to court rules. It would have been impossible.

---

[1] On December 21, 2015, the Magistrate Judge entered a Recommendation that Dale's § 2255 motion be denied with prejudice. Doc. No. 17. Dale filed objections to that Recommendation on January 6, 2016. Doc. No. 18. Those objections remain pending before the court.

> The Court had no choice but to dismiss as moot. She, (Dale) had no idea as to what she was doing. We are talking about a person whose drug test came back positive, and a person who was going through some form of mental breakdown.

Doc. No. 19 at 2-3. This claim by Dale, first asserted in her instant Motion to Amend, is time-barred, because the claim was raised more than one year after her conviction became final and it does not relate back to any claim in her timely filed § 2255 motion.

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances. Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Because Dale, on direct review, did not seek certiorari review by the United States Supreme Court, her conviction became final 90 days after the Eleventh Circuit issued its March 28, 2013, opinion affirming her convictions and sentence.[2] *See Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003); *Kaufman v. United States*, 282 F.3d 1336, 1337-39 (11th Cir. 2002); Sup.Ct. R. 13(1) & (3). Thus, her conviction became final on June 26, 2013. Under 28 U.S.C. § 2255(f), Dale had until June 26, 2014, to file a § 2255 motion that was timely under § 2255's one-year period of limitation. *See* 28 U.S.C. § 2255(f)(1). Dale filed her § 2255 motion (Doc. No. 1) on March 14, 2014. Therefore, the claims in her original § 2255 motion were

---

[2] *United States v. Dale*, No. 12-12836 & 12-12837, 514 Fed. App'x 941 (11th Cir. Mar. 28, 2013); *see* Case No. 2:10cr242-MEF, Doc. No. 254 & Case No. 11cr69-MEF, Doc. No. 189.

timely raised.  However, she filed the instant Motion to Amend (Doc. No. 19), containing her new claim, on March 28, 2016 – over 21 months after § 2255(f)'s one-year deadline had expired.

New claims asserted in a motion to amend do not relate back to timely asserted claims where they arise from conduct and occurrences separate from the conduct and occurrences forming the basis of the timely asserted claims.  *See Davenport*, 217 F.3d at 1346.  "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."  *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).  Dale's new claim that counsel Goggans rendered ineffective assistance by failing to file an appeal in her case arises from conduct and occurrences separate from the conduct and occurrences forming the basis of any of the claims in her original § 2255 motion and bears no legal or factual relationship to those earlier claims.  Thus, her new claim does not "relate back" under Rule 15(c) and is barred from review because it is untimely under § 2255's one-year limitation period.  *See Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003); *Pruitt*, 274 F.3d at 1319.

Moreover, the allegations in Dale's Motion to Amend are baseless and plainly do not entitle her to relief.  Sometime between her sentencing on May 8, 2012, and the district court's entry of judgment on May 22, 2012, Dale filed a *pro se* notice of appeal.  *See, e.g.*, Case No. 11cr69-MEF, Doc. No. 158.  That notice of appeal was docketed on May 23, 2012, but Dale represented that she signed it on May 21, 2012.  In any event, Dale's *pro se* notice of appeal was treated as timely filed, and Dale's appeal – during which she was represented by counsel Goggans – proceeded thereupon without delay.  In early June 2012, Goggans ordered the transcripts from Dale's criminal case for purposes of the appeal.  *See id.*, Doc. No. 169.  Goggans later filed an *Anders* brief with the Eleventh Circuit, and the Eleventh Circuit agreed

with Goggans that there were no valid issues for appeal and affirmed Dale's convictions and sentence.[3]

Here, Goggans was not ineffective for not filing notice of appeal when Dale filed a timely *pro se* notice of appeal herself. And Dale shows no prejudice in this regard, when her appeal was perfected based on her *pro se* notice of appeal and proceeded with Goggans as her counsel. Contrary to Dale's suggestion, her appeal was not "forfeited" and nothing filed regarding her appeal was treated as untimely filed by this court or the appellate court.

A motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted). Here, Dale's attempt to amend her § 2255 motion is futile, because the new claim raised in her motion to amend is time-barred and plainly without merit.

Therefore, it is

ORDERED that Dale's Motion to Amend (Doc. No. 19) be and is hereby DENIED.

DONE, this 11th day of April, 2016.

/s/ W. Harold Albritton III
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Dale's assertion that the Eleventh Circuit dismissed her appeal as moot is incorrect. Because the Eleventh Circuit agreed with Goggans that there were no valid issues for appeal, it affirmed Dale's convictions and sentence and denied as moot the United States' motion to dismiss Dale's appeal based on the appeal waiver in her plea agreement.